**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MELODY BEATRICE GRIFFIN,      DOCKET NUMBER
         Appellant,             DC-0752-25-0203-I-1

       v.

DEPARTMENT OF THE NAVY,      DATE:  August 6, 2026
         Agency.

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Melody Beatrice Griffin</u>, Elizabeth City, North Carolina, pro se.

<u>Colleen M. Shook</u>, <u>James M. Metcalfe</u>, and <u>Kimberly Karle</u>,
     Portsmouth, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review.  We AFFIRM the administrative judge's findings that the Board lacks jurisdiction to the extent that she is challenging her proposed removal and alleging an involuntary resignation or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

involuntary retirement. However, we REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order regarding a claim potentially within the Board's jurisdiction pursuant to 5 C.F.R. § 353.304.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings set forth in the initial decision regarding the absence of Board jurisdiction pursuant to 5 U.S.C. chapter 75 over the appellant's claims regarding her proposed removal and alleged involuntary resignation/retirement. Rather, the appellant challenges on review, as she did before the administrative judge, the agency's decision to rescind her light-duty or modified assignment and propose her removal instead of finding her another role or modifying her duties within her medical restrictions. Petition for Review (PFR) File, Tab 1 at 4-5; Initial Appeal File (IAF), Tab 6.

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, among other things, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b).[2] Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Hamilton*, 123 M.S.P.R. 404, ¶ 9; 5 C.F.R. § 353.301. Pursuant to 5 C.F.R. § 353.304, the Board has jurisdiction over certain restoration claims. To establish the Board's jurisdiction over a restoration claim, an appellant must make nonfrivolous allegations regarding the substantive jurisdictional elements

---

[2] A compensable injury is defined as one that is accepted by the Office of Workers' Compensation Programs as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund. *Hamilton*, 123 M.S.P.R. 404, ¶ 14.

applicable to the particular restoration claim. 5 C.F.R. § 1201.57(b). Once jurisdiction has been established, an appellant must prove the merits of her restoration claim by a preponderance of the evidence. 5 C.F.R. § 1201.57(c)(4).

Here, we find that the appellant may have attempted to raise a restoration claim before the administrative judge because she alleged, in a sworn statement, that her light-duty or modified assignment of "Security TDY," which she worked from April 2022 through November 2024, was rescinded when the agency issued the notice of proposed removal. IAF, Tab 6 at 3. She expressed concern that a removal would affect her workers' compensation case. *Id.* The appellant has continued to pursue a potential restoration claim on review. PFR File, Tabs 1-2; *see Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010) (observing that pro se filings are to be construed liberally). The appellant states on review that the agency should reevaluate providing her with an "alternative role or modified duties within the agency that would align with [her] [m]edical capabilities." PFR File, Tab 1 at 4. She asserts that, in deciding to propose her removal, the agency did not consider that her medical condition is temporary, that her medical provider indicated she "may be able to return to work in a capacity that aligns with [her] medical restrictions," and that the agency did not sufficiently explore reasonable accommodation options that would allow her to continue to work. *Id.* at 3-4.

However, the administrative judge did not address a potential restoration claim, and the appellant did not receive any notice of how to establish Board jurisdiction over a restoration claim. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Because the appellant did not have an opportunity to address the applicable jurisdictional elements, we remand the appeal for further adjudication. *See Brehmer v. U.S. Postal Service*, 106 M.S.P.R. 463, ¶¶ 10, 15 (2007) (remanding the appeal to, among other things, provide the appellant with

proper jurisdictional notice and an opportunity to establish Board jurisdiction over her restoration claim). To the extent that the appellant is attempting to appeal a denial of restoration as a partially recovered individual, the administrative judge should provide notice of the relevant elements on remand. *See Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12. On remand, the administrative judge shall afford the appellant the opportunity to establish Board jurisdiction over a restoration claim after providing her with proper jurisdictional notice. *See id.*[3]

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[3] The appellant discusses disability retirement in her pleadings. To the extent the appellant wishes to file an application for disability retirement, any such application must be filed with OPM. *See, e.g.*, 5 C.F.R. § 831.1201 *et seq.*